847; *Watkins v. R. R.,* 116 N. C., 961, 21 S. E., 409. The case is unlike *Johnson v. R. R.,* 130 N. C., 488, 41 S. E., 794, and *Nance v. R. R.,* 94 N. C., 619, cited and relied upon by plaintiff.

We have found nothing upon the record to take the case out of the general rule. The plaintiff thought she could alight in safety. She took a chance and lost.

Affirmed.

---

### EULA MOORE v. SOUTHERN RAILWAY COMPANY.

(Filed 1 November, 1935.)

APPEAL by plaintiff from *Sink, J.,* at May Term, 1935, of IREDELL. Civil action to recover damages for alleged negligent injury.

From a judgment of nonsuit entered at the close of plaintiff's evidence, she appeals, assigning errors.

*John W. Wallace, Andrew C. MacIntosh, Jr., and John R. McLaughlin for plaintiff.*
*R. C. Kelly, Jack Joyner, and W. C. Feimster for defendant.*

PER CURIAM. This is a companion case to *Stamey v. Ry. Co., ante,* 668. Both cases are exactly alike. The facts are the same. The opinion in the *Stamey* case is controlling here.

Affirmed.

---

### IN RE CARY EUGENE SNELGROVE.

(Filed 1 November, 1935.)

1. **Certiorari A a—Writ of certiorari will lie only upon showing of merit and that applicant is not guilty of laches.**

    The clerk entered an order allowing a guardian additional compensation for extraordinary services. Respondent failed to perfect his appeal from the clerk's order, and thereafter applied to the judge of the Superior Court for a writ of *certiorari.* The petition for *certiorari* was denied upon the court's finding of laches and demerit. *Held:* The denial of the petition was without error, *certiorari* lying only upon a showing that applicant was not guilty of laches and that probable error was committed on the hearing.

2. **Reference A a—**

    The appointment of a referee by the judge to ascertain the facts in regard to a petition for *certiorari* is not a reference under the code, but only a method employed by the judge to acquaint himself with the facts.